UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YES COMMUNITIES WFC, LLC
d/b/a The Breakers,

      Plaintiff,

v.                                      CASE NO. 3:20-cv-221-J-34MCR

JAMALL SHIELDS,

      Defendant.
_____/

### **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Court's Order dated April 24, 2020 (Doc. 4).

On March 5, 2020, Defendant Jamall Shields filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") and a Petition for Removal and Federal Stay of Eviction Pursuant to 28 U.S.C. § 1441(B).  (Docs. 1 & 2.)  On March 24, 2020, the Court entered an Order, taking the Application under advisement and directing Defendant to file the state court complaint, any additional state court documents that have not

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

already been provided to this Court, and a complete, notarized Application no later than April 17, 2020. (Doc. 3.)

When Defendant failed to comply, on April 24, 2020, the Court entered an Order directing Defendant to either comply with the Court's March 24, 2020 Order or show cause in writing, on or before May 15, 2020, why the Application should not be denied, and the case dismissed for lack of prosecution.[2] (Doc. 4.) Defendant was warned that "[f]ailure to comply with this Order will likely result in a recommendation that the Application be denied and that the case be dismissed without further notice, unless Defendant pays the filing fee." (*Id.* at 2.)

To date, Defendant has not filed any of the documents referenced in the Court's March 24, 2020 and April 24, 2020 Orders, has not filed a response to the Order to Show Cause, has not sought an extension of time to comply with the Court's Orders, and has not paid the filing fee. Based on the foregoing, the undersigned recommends that the Application be denied, and the case dismissed for lack of prosecution. *See* M.D. Fla. R. 3.10(a).

Accordingly, it is respectfully **RECOMMENDED** that the Application (**Doc. 2**) be denied, this case be **DISMISSED without prejudice**, and the Clerk of Court be directed to terminate any pending motions and close the file.

---

[2] It appears that the Court's April 24, 2020 Order was returned as undeliverable. Defendant's failure to keep the Court apprised of his current mailing address is an additional basis for dismissing this case for lack of prosecution. *See* Section II.D. of the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Middle District of Florida.

2

**DONE AND ENTERED** at Jacksonville, Florida, on May 21, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Parties